**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER A. ROGALSKI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 2:25-CV-05881 |
| ANDREW J. AMOROSO, *et al* | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**<u>MEMORANDUM</u>**

**Younge, J.**                                                **February 3, 2026**

*Pro se* Plaintiff Christopher R. Rogalski brought this action alleging that Defendant Andrew J. Amoroso engaged in malicious prosecution and official oppression when Defendant Amoroso pursued charges against Plaintiff for allegedly engaging in inappropriate behavior with a minor. Currently before the Court is Defendant Amoroso's Motion to Dismiss, ECF No. 6.[1]

This case has been complicated by the fact that Plaintiff has been proceeding *pro se* and has been less than clear about whether he is pursuing his claims under state or federal law. To the extent Plaintiff asserts a federal malicious prosecution claim under 42 U.S.C. § 1983, that claim is dismissed without prejudice. Absent this federal malicious prosecution claim, the Court finds no other claims in Plaintiff's Complaint that could plausibly arise from federal law. Therefore, the Court remands the remainder of this case to the Bucks County Court of Common Pleas due to this Court's lack of subject matter jurisdiction. The upshot is that Plaintiff may assert his state

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

1

malicious prosecution and official oppression claims in the Bucks County Court of Common Pleas.[2]

## I.      Background

### A.      Factual Background[3]

Plaintiff alleges that Defendant Amoroso engaged in malicious prosecution and official oppression when Defendant Amoroso pursued charges against Plaintiff for allegedly engaging in inappropriate behavior with a minor.

#### 1.      The Parties

*Pro se* Plaintiff Christopher Rogalski is a New Jersey citizen who was a licensed Pennsylvania substitute teacher at Neshaminy High School, where he was employed by a subcontractor of Neshaminy School District. ECF No 1-1 ("Compl.") ¶ 6. Plaintiff was also a professional tutor employed by Club Z! In Home Tutoring, a service recommended by Neshaminy High School Compl. ¶¶ 7–8.

Defendant Andrew J. Amoroso was Pennsylvania resident and a police officer in Middletown Township, Bucks County. Compl. ¶¶ 2, 24.

#### 2.      Plaintiff's Conduct Forming the Basis of Charges Against Him

L.M. is the daughter of Kelli Lynne McGarrity, and at all relevant times was a 14-year-old freshman at Neshaminy High School. Compl. ¶ 9. According to Plaintiff, L.M. lacked a father in her life due to McGarrity having made abuse allegations against L.M.'s father. *Id.* ¶ 10.

---

[2] The Court finds this matter appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).

[3] The facts forming the background of this Memorandum are drawn from the Complaint, ECF No. 1-1. On a motion to remand, a federal district court must assume as true all factual allegations of the complaint. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

### a.    March 3, 2022

In English class on or about March 3, 2022, L.M. sought Plaintiff's attention because her phone screen was damaged. *Id.* ¶ 11. Plaintiff responded by explaining to L.M. that she needed to take the phone for repair. *Id.* ¶ 12. Nevertheless, L.M. continued to demand Plaintiff's attention during class by repeatedly calling out to him, "Hi, Mr. R.!". *Id.* ¶ 13. After Plaintiff smiled at this behavior, L.M. told a classmate, "I got him to smile." *Id.* ¶ 14.

### b.    March 4, 2022

The morning after the classroom incident, L.M. waved at Plaintiff from her locker as he was walking down Neshaminy High School's main hallway and called out, "Hi, Mr. R! Remember me? I'm the girl with the phone." Compl. ¶ 15. Plaintiff points out that L.M.'s locker was in the main hallway of the school, near both the school's front entrance and administrative office. *Id.* ¶ 16.

### c.    April 6, 2022

Upon learning that Plaintiff would be leaving Neshaminy High School in April of 2022, L.M. told Plaintiff, "we'll miss you." Compl. ¶ 18. On April 6, 2022, L.M. waved to get Plaintiff's attention as he was passing her locker exiting the school. *Id.* ¶ 19. Later that day, Plaintiff gave L.M. his contact information along with instructions that she not send him any inappropriate messages.

### 3.    Subsequent Action Taken Against Plaintiff

On April 7, 2022, McGarrity contacted Middletown Township police, claiming that Plaintiff was "harassing" her daughter, L.M. Compl. ¶ 25.

On April 12, 2022, upon learning that he was being investigated, Plaintiff filed a report with the Pennsylvania Department of Human Services noting his concern that the accusations

3

against him might be an attempt to isolate L.M, who seemed to be happy when he left her. *Id.* ¶ 27. Plaintiff also requested that his report be forwarded to Middletown Police Lieutenant Peter Feeny, who is Defendant Amoroso's superior officer and someone that Plaintiff has been acquainted with for over 20 years. *Id.* ¶ 28.

Upon learning that Plaintiff had filed the report with the Department of Human Services, Defendant Amoroso allegedly became irate and retaliated by repeatedly calling Plaintiff and his family and claiming to have obtained an arrest warrant when none was issued. *Id.* ¶ 30.

On or about April 21, 2022, Defendant Amoroso wrote a report acknowledging that he spoke to McGarrity and advised her that the allegations "may not rise to the level of criminal…and this matter may be harassment at best." *Id.* ¶ 31.

On May 9, 2022, Defendant Amoroso filed an affidavit of probable cause with Magisterial District Judge Daniel Baronoski accusing Plaintiff of a single count of corruption of a minor, 18 P.S. § 6301(a)(1)(i). *Id.* ¶ 32. According to Plaintiff, Defendant Amoroso's affidavit twisted the normal activities of a teacher—i.e. observing students in class, inquiring about students' grades, offering academic assistance, giving candy when a student is having a bad day, and giving out contact information for a student to stay in touch—to make Plaintiff appear "creepy." *Id.* ¶ 34. Further, according to Plaintiff, Defendant Amoroso used the affidavit to make statements which he knew or should have known were false, including the following:

- That Plaintiff had told L.M., "Here's a kiss for flirting with me," even though none of the other 25 people in the room could corroborate that the statement was made;

- That Plaintiff would appear at L.M.'s locker "between classes" to make casual conversation with her;

4

- That Plaintiff had access to L.M.'s locker location simply because it was located in the front of the school's main hallway and Plaintiff walked past that location every day after coming from the main office in the morning and returning his paperwork at the end of the day;

- That Plaintiff went "out of his way" to walk in the halls of the school's language wing, even though Plaintiff had a desk in the English office and access to the faculty restroom there.

*Id.* ¶ 35.

According to Plaintiff, Defendant Amoroso made no effort to interview Plaintiff's supervisor or any teacher about whether Plaintiff was indeed wandering the halls while required to be elsewhere in the building. *Id.* ¶ 36. Nevertheless, Baranoski approved Defendant Amoroso's affidavit and ordered Plaintiff not to have unsupervised contact with minors. *Id.* ¶¶ 38–39. As a result, Plaintiff was unable to continue his employment as a substitute teacher or offer tutoring services for unsupervised minors. *Id.* ¶ 40.

According to Plaintiff, Defendant Amoroso coached L.M. to testify falsely at the June 29, 2022 preliminary hearing, which included telling her to testify that Plaintiff stated, "here's a kiss for flirting with the substitute," which contradicted L.M.'s previous statement to Neshaminy High School's investigative staff.  *Id.* ¶ 41.

At the preliminary hearing, Baranoski also approved adding an additional charge of "disorderly conduct." *Id.* ¶ 42. Baranoski then approved the charges of corruption of a minor and disorderly conduct against Plaintiff for trial in the Court of Common Pleas. *Id.* ¶ 43. After the charges were bound over for trial in the Court of Common Pleas, Plaintiff was required to make a court appearance at the Court of Common Pleas while living and working out of the area. *Id.* ¶ 44.

On August 3, 2023, President Judge Wallace Bateman dismissed all charges against

Plaintiff as unsubstantiated based upon L.M.'s testimony at the preliminary hearing and the law. *Id.* ¶ 45. Prior to dismissing all criminal charges, Judge Bateman told the attorneys in the case that the Commonwealth had brought a harassment complaint against Plaintiff. *Id.* ¶ 46.

### 4.    Withheld Evidence

Plaintiff alleges that the following exculpatory evidence was withheld from him in contravention of *Brady v. Maryland*, 373 U.S. 83 (1963):

- Video footage showing that L.M. waved to get Plaintiff's attention in the hallway as he left the school. Compl. ¶¶ 47–49;

- Video recordings of interactions between Plaintiff and L.M. *Id.* ¶ 50.

- Reports of investigations from Neshaminy High School or Neshaminy School District. *Id.* ¶ 51.

- The seating chart from Kim May's 5th period English class and the names of all students in that class whom he interviewed about L.M.'s claims, which contradicted Defendant Amoroso's case. *Id.* ¶ 52.

### B.    Procedural Background

On September 3, 2025, Plaintiff initiated the present action by filing a complaint against Defendants Amoroso and McGarrity in the Bucks County Court of Common Pleas.  Compl. Defendant McGarrity filed Preliminary Objections to Plaintiff's Complaint on September 18, 2025, leading to her dismissal from the case on October 7, 2025. *See* Def.'s Mot. 3. In Count I, Plaintiff brings a malicious prosecution action, alleging that Defendant Amoroso knowingly overcharged Plaintiff to compel a plea bargain when Defendant knew or should have known the charges were not supported by the evidence. Plaintiff further alleges that Defendant Amoroso illegally withheld exculpatory evidence from Plaintiff and that Defendant Amoroso was motivated

by a desire to pursue a sexual relationship with McGarrity and to retaliate against Plaintiff for the report he filed with the Pennsylvania Department of Human Services. In Count II, Plaintiff alleges that the same conduct constitutes official oppression.

On October 14, 2025, Defendant Amoroso removed the case to the United States District Court for the Eastern District of Pennsylvania. ECF No. 1. On October 21, 2025, Defendant Amoroso filed his Motion to Dismiss. ECF No. 6.

## II.    Motion to Dismiss

Defendant Amoroso moves to dismiss the entirety of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). On its face, Plaintiff's Complaint contains two counts: one for malicious prosecution and one for official oppression. However, Plaintiff's briefing in opposition to dismissal indicates that Plaintiff intended to plead his malicious prosecution claim under both federal and state law. To the extent Plaintiff pleads a federal malicious prosecution claim, that claim is properly dismissed under Rule 12(b)(6). The Court declines to rule on the remaining state law claims because those claims are most appropriately dealt with at the state court on remand.

### A.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must sufficiently plead facts that, if accepted as true and interpreted in the light most favorable to the plaintiff, "state a claim to relief that is plausible on its face." *McTernan v. City of York*, 577 F. 3d 521, 526, 530 (3d. Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Likewise, the tenet that a court must accept as true all the allegations in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Pleadings that offer only "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

This well-established standard has an additional gloss when, as here, a plaintiff is proceeding *pro* se. That is because a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted). Therefore, the Court is obligated to construe pro se claims "liberally." *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).

### B.    Analysis

Plaintiff brings forth several allegations that together amount to an argument that Defendant Amoroso engaged in malicious prosecution against Plaintiff. Specifically, Plaintiff claims that Defendant Amoroso knowingly overcharged Plaintiff in an attempt to compel a plea bargain when Defendant Amoroso knew or should have known the charges were not supported by the evidence. Plaintiff further alleges that Defendant Amoroso illegally withheld exculpatory evidence from Plaintiff and that Defendant Amoroso was motivated by a desire to pursue a sexual relationship with McGarrity and to retaliate against Plaintiff for the report Plaintiff filed with the Pennsylvania Department of Human Services.

Plaintiff's Complaint is not precise as to whether Plaintiff intends to bring a federal malicious prosecution claim under 42 U.S.C. § 1983 or a common law malicious prosecution claim under Pennsylvania state law. In his notice of removal, ECF No. 1, Defendant Amoroso assumed that Plaintiff's references to *Brady v. Maryland*, 373 U.S. 83 (1963) implied that Plaintiff was

bringing his claims under federal law. Plaintiff's brief in opposition to dismissal makes arguments under both federal and state law. ECF No. 7 ("Pl.'s Opp'n Br.") 12, 15.

To the extent Plaintiff pleads a federal malicious prosecution claim, that claim must be dismissed because there has not been a facial showing that all the elements of a federal malicious prosecution claim have been met. In the Third Circuit, to prove malicious prosecution under § 1983, a plaintiff must show that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Est. of Smith v. Marasco*, 318 F.3d 497, 521–22 (3d Cir. 2003).

Here, Plaintiff has not adequately pled the fifth element: seizure. In his brief in opposition to dismissal, Plaintiff argues that being compelled to attend court hearings and being prohibited from working as a licensed substitute teacher and private tutor amount to a seizure. Pl.'s Opp'n Br. 15. Plaintiff is incorrect. The Third Circuit has squarely held that compulsion to attend hearings by itself does not constitute seizure. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 602–603 (3d Cir. 2005). Likewise, Plaintiff offers no support for the proposition that employment is an interest that may be seized under the Fourth Amendment via termination. *See Adams v. City of Greensburg*, No. CV 17-550, 2018 WL 1318068, at *4 n. 4 (W.D. Pa. Mar. 14, 2018). Thus, even if these bases for seizure were properly stated on the face of Plaintiff's Complaint, they are insufficient to defeat a motion to dismiss.

## III.    Remand

Having dismissed the only possible federal claim in this case, the Court remands the remaining state law claims to the Bucks County Court of Common Pleas.

### A.  Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over two categories of cases: diversity cases and federal question cases. If the district court determines it has neither diversity nor federal question jurisdiction, the court lacks subject matter jurisdiction over the removed action and remand is mandatory. 28 U.S.C. § 1447(c). "As courts of limited jurisdiction, federal courts have the duty to examine the propriety of jurisdiction even when the issue is not raised by the parties." *McDonough v. Crum & Forster Personal Ins.*, No. 92-385, 1992 WL 114951, at *1 (E.D. Pa. May 20, 1992) (citing *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). Thus, a district court must remand a case *sua sponte* if it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[T]he general rule that federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* applies equally in removal cases.") (citations omitted).

As the party asserting jurisdiction, Defendant has "the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Furthermore, "[r]emoval statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

10

**B.**     **Analysis**

At this stage of the proceedings, the Court does not have subject matter jurisdiction over this case.  Defendant Amoroso, the party asserting federal jurisdiction, does not contend that this court has diversity jurisdiction.  Indeed, such contention would be foreclosed by the forum defendant rule.  Nor does this court have federal question jurisdiction because, even if Plaintiff did intend to bring a malicious prosecution action under federal law, that claim has since been dismissed, leaving no federal claims remaining.  To the extent the Court could exercise supplemental jurisdiction over this matter, it declines to do so.

**1.**     **Lack of Diversity Jurisdiction**

Under the diversity statute, district courts have original jurisdiction over cases "between ... citizens of different states," where the amount in controversy exceeds $75,000. *Id.* § 1332(a). An exception to the rule permitting removal based on diversity of citizenship is the forum defendant rule, which provides that a state court action cannot be removed to federal court based on diversity if any defendant is a citizen of the State where the action was originally brought. *Id.* §1441(b)(2).

Here, Plaintiff is a New Jersey citizen and Defendant Amoroso is a Pennsylvania citizen. Since Plaintiff initially filed this case in Pennsylvania state court, the Bucks County Court of Common Pleas, the forum defendant rule precludes Defendant Amoroso from removing the case to federal court. Thus, this Court cannot assert subject matter jurisdiction over this case on the basis of diversity.

**2.**     **Lack of Federal Question Jurisdiction**

Pursuant to the federal question statute, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Federal question jurisdiction pursuant to § 1331 is typically invoked in cases in which the plaintiff

11

"plead[s] a cause of action created by federal law." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162-63 (3d Cir. 2014) (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005) (additional citations omitted). "However, [state law] causes of action ... may nonetheless 'arise under' federal law for purposes of [federal question jurisdiction] if the four-pronged *Grable* test is met." *Id.* at 163.[4]

Here, two counts remain in Plaintiff's Complaint and neither arises under federal law.  That a state malicious prosecution claim does not arise under federal law is self-explanatory. Regarding official oppression, Defendant acknowledges that such a cause of action exists, if at all, only under state law. Plaintiff does not dispute this. Thus neither remaining count in Plaintiff's Complaint can form the basis of this Court's federal question jurisdiction, and the *Grable* test does not counsel otherwise.

### 3.    Lack of Supplemental Jurisdiction

Under 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "the district court has dismissed all claims over which it has original jurisdiction."

---

[4]    As ably elaborated upon in *Benjamin v. JBS S.A.*, 516 F. Supp. 3d 463, 468 (E.D. Pa. 2021),

The *Grable* test provides that a court will have federal question jurisdiction over a state law claim "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). Notably, "[o]nly a 'slim category' of cases satisfy the *Grable* test." *Id.* (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)). The party asserting federal jurisdiction bears the burden of proving all four factors. *See McLaughlin v. Bayer Essure, Inc.*, Civ. A. No. 14-7315, 2018 WL 3535142, at *3 (E.D. Pa. July 23, 2018) (citing *Boyer*, 913 F.2d at 111).

Here, to the extent Plaintiff asserted a federal claim to begin with, that claim of federal malicious prosecution under 42 U.S.C. § 1983 has been dismissed. All that remains are Plaintiff's state law claims for malicious prosecution and official oppression. The Court, in its discretion, declines to exercise supplemental jurisdiction over these claims.

## CONCLUSION

For the foregoing reasons, to the extent Plaintiff pled a federal malicious prosecution claim, that claim is dismissed under Fed. R. Civ. P. 12(b)(6) without prejudice. The Court declines to reach Defendant's motion to dismiss Plaintiff's state malicious prosecution claim and official oppression claim. Plaintiff's action, containing only these two state law claims, is remanded to the Bucks County Court of Common Pleas.  An appropriate Order follows.


**IT IS SO ORDERED.**


BY THE COURT:


*/s/ John Milton Younge*

**Judge John Milton Younge**